UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
In re:                                              :
                                                    :
    JOSHUA SIMON MARGULIES,         :    Chapter 7
                                                    :    Case No.: 10-14012 (SMB)
            Debtor.                           :
-----------------------------------------------------X
DENNIS HOUGH,                              :
                                                    :
            Plaintiff,                         :
                                                    :
    – against –                                :    Adv. Proc. No. 10-04050
                                                    :
JOSHUA SIMON MARGULIES and  :
USAA CASUALTY INSURANCE       :
COMPANY,                                    :
                                                    :
            Defendants.                     :
-----------------------------------------------------X

**MEMORANDUM DECISION AND ORDER DENYING
DEBTOR'S MOTION FOR RECONSIDERATION**

**A P P E A R A N C E S:**

STANLEY K. SHAPIRO, ESQ.
225 Broadway, Suite 1803
New York, New York 10007

*Attorney for Plaintiff Dennis Hough*

OLSHAN GRUNDMAN FROME ROSENZWEIG
  & WOLOSKY LLP
Park Avenue Tower
65 East 55th Street
New York, New York 10022

    Thomas J. Fleming, Esq.
    Fredrick J. Levy, Esq.
    Howard J. Smith, Esq.
        Of Counsel

    – and –

ROBERT M. SPADARO, ESQ.
17 Battery Place, Suite 1103
New York, New York 10004

*Attorneys for Defendant USAA Casualty
Insurance Company*

SHAFFERMAN & FELDMAN LLP
286 Madison Avenue, Suite 502
New York, New York 10017

    Joel M. Shafferman, Esq.
       Of Counsel

*Attorneys for Defendant Joshua Simon Margulies*

**STUART M. BERNSTEIN**
**UNITED STATES BANKRUPTCY JUDGE:**

    The defendant Joshua Simon Margulies ("Margulies") has moved to reargue former Chief Bankruptcy Judge Gonzalez's order that, *inter alia*, denied his motion for judgment on the pleadings.[1] (*See Order Denying Motion for Judgment on the Pleadings and Summary Judgment Dismissing the Complaint as to Joshua Simon Margulies*, dated Mar. 1, 2012 ("*March 1 Order*") (ECF Doc. # 42).) The motion is denied for the reasons that follow.

### BACKGROUND

    The background to this adversary proceeding is described in the Court's *Memorandum Decision Denying USAA Motion to Dismiss for Lack of Subject Matter Jurisdiction, for Permissive Abstention, to Stay This Adversary Proceeding and to Dismiss for Failure to State a Claim*, dated Aug. 14, 2012 ("*USAA Decision*") (ECF Doc. # 52.) The discussion under this section of the decision is limited to what is necessary to explain the result.

---

[1]     Judge Gonzalez retired from the bench on March 1, 2012.

2

According to Hough's complaint in this adversary proceeding,[2] Margulies' motor vehicle struck the plaintiff, Dennis Hough ("Hough"), causing serious bodily injury. Margulies left the scene of the accident, and subsequently pleaded guilty to misdemeanor assault in the third degree.[3] (*Complaint* at ¶¶ 16-17.) Hough recovered a default judgment against Margulies in the approximate sum of $4.9 million (the "Judgment"), and sued Margulies' liability insurer, USAA Casualty Insurance Company ("USAA"), in state court, to recover the Judgment up to the policy limits. (*See id.* at ¶¶ 22-24.) The state court action was pending on the petition date.

Once bankruptcy ensued, Hough commenced this adversary proceeding against Margulies and USAA. The *Complaint* alleges alternative claims for relief in a single count. If Margulies intentionally struck Hough with his motor vehicle, the Judgment is not dischargeable under 11 U.S.C. § 523(a)(6). (*See id.* at ¶ 37.) On the other hand, if Margulies did not willfully cause Hough's injuries, Hough is entitled to a declaration that Margulies did not act intentionally as well as a money judgment against USAA in the amount of the Judgment up to the policy limits. (*See id.* at ¶¶ 38-39.)

After answering, Margulies moved for summary judgment and for judgment on the pleadings. In support of the second part of his motion, Margulies argued that the *Complaint* failed to allege any facts supporting the claim that he acted with certainty or the subjective motive to harm Hough. (*See Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings or Summary Judgment*, dated Nov. 23, 2011, at 4 (ECF Doc. # 23).) Hough

---

[2]     *See Complaint Objecting to Dischargeability Pursuant to 11 U.S.C. § 523(a)(6), for Judgment Pursuant to Section 3420 of the New York State Insurance Law, and for Declaratory Relief Pursuant to 11 U.S.C. § 105(a),* dated Oct. 25, 2010 ("*Complaint*"), at ¶ 15 (ECF Doc. # 1).

[3]     A person is guilty of misdemeanor assault in the third degree when he "recklessly causes physical injury to another person." *See* N.Y. PENAL LAW § 120.00(2).

opposed the relief, contending that the *Complaint* duly alleged that Margulies struck him with his vehicle and acted with criminal intent. (*See Plaintiff Dennis Hough's Response and Opposition to the Motion of the Defendant/Debtor's Margulies' Motion to [sic] Judgment on the Pleading [sic] and Summary Judgment to Dismiss the Complaint*, dated Jan. 18, 2012, at 10 (ECF Doc. # 29).) Hough also referred to the "undisputed" fact that the debtor willfully disobeyed the flagman's traffic direction to stop (Hough was apparently the flagman), (*see id.* at 10-11), but the *Complaint* does not allege this, and the "undisputed" nature of this "fact" is not evident. Finally, Hough maintained that malice could be imputed from the surrounding facts and circumstances. (*See id.* at 12-13.)

Judge Gonzalez denied both prongs of Margulies' motion. Addressing the motion for judgment on the pleadings, he ruled: (1) the plaintiff generally alleged Margulies' state of mind in accordance with FED. R. CIV. P. 9(b); (2) malice could be imputed from the alleged intentional conduct; and (3) pleading in the alternative was permissible. (*See March 1 Order* at 6-7.)

Margulies moved for reconsideration of the *March 1 Order* to the extent it denied his motion for judgment on the pleadings. He submits, as he did in his original motion, that the *Complaint* fails to allege any facts to support his ultimate contention that he acted with the certainty or subjective motive to harm Hough. (*See Application of Joshua Simon Margulies for Reconsideration of that Portion of March 1, 2012 Order Denying Motion for Judgment on the Pleadings Seeking Dismissal of the Complaint*, dated Mar. 15, 2012, at ¶ 15 (ECF Doc. # 45).) Margulies also discusses the pleading requirements for a claim of fraud under FED. R. CIV. P. 9(b), (*see id.* at ¶¶ 16-17), but Hough's claim is not based on fraud. I assume Margulies means that the *Complaint* does not include any facts supporting the general averment that he intended to harm Hough — essentially the same argument discussed in the preceding sentence. In addition,

4

Margulies asserts that Judge Gonzalez "committed clear error of law by *sua sponte* finding that 'malice could be imputed from the alleged intentional conduct' where the Complaint is devoid of factual basis setting forth that the Debtor acted intentionally and that malice should be imputed from the non-alleged intentional conduct." (*Id.* at ¶ 18.) Finally, Margulies argues that Judge Gonzalez committed clear error in relying on FED. R. CIV. P. 8(a)(3), apparently contending that both alternatives must independently plead a legally sufficient claim. (*See id.* at ¶ 21.)

**DISCUSSION**

Local Bankruptcy Rule 9023-1(a), Bankr. S.D.N.Y.R. 9023-1(a), governs motions for reargument,[4] and imposes the same standards as motions to alter or amend judgments under FED. R. CIV. P. 59(e), which is made applicable to this adversary proceeding by FED. R. BANKR. P. 9023. *See In re Bressler*, No. 06-11897, 2007 WL 951661, at *1 (Bankr. S.D.N.Y. Mar. 27, 2007); *cf. Greenwald v. Orb Commc'ns & Mktg., Inc.*, No. 00 Civ. 1939 (LTS), 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003) ("The standards governing motions to alter or amend judgments pursuant to Rule 59(e) and motions for reconsideration or reargument pursuant to Local Rule 6.3 are the same.")[5]; *Interbank Funding Corp.*, No. 07-1482 (BRL), 2007 WL 2080512, at *2 n.5 (same); *Randall's Island Family Golf Ctrs.*, 290 B.R. at 61 n.4 (same). The

---

[4]   Local Bankruptcy Rule 9023-1(a) states:

    A motion for reargument of a court order determining a motion shall be served within 14 days after the entry of the Court's order determining the original motion, or in the case of a court order resulting in a judgment, within 14 days after the entry of the judgment, and, unless the Court orders otherwise, shall be made returnable within the same amount of time as required for the original motion. The motion shall set forth concisely the matters or controlling decisions which counsel believes the Court has not considered. No oral argument shall be heard unless the Court grants the motion and specifically orders that the matter be re-argued orally.

[5]   Local Bankruptcy Rule 9023-1(a) is an adaptation of District Court's Civil Rule 6.3. *See In re Interbank Funding Corp.*, No. 07-1482 (BRL), 2007 WL 2080512, at *2 n.5 (Bankr. S.D.N.Y. July 19, 2007); *Family Golf Ctrs., Inc. v. Acushnet Co. (In re Randall's Island Family Golf Ctrs., Inc.)*, 290 B.R. 55, 61 n.4 (Bankr. S.D.N.Y. 2003); *see also* Local Bankruptcy Rule 9023-1 cmt.

movant must show that the court overlooked controlling decisions or factual matters "that might materially have influenced its earlier decision." *In re Best Payphones, Inc.*, No. 01-15472 (SMB), 2008 WL 2705472, at *3 (Bankr. S.D.N.Y. July 3, 2008)(quoting *Anglo Am. Ins. Group., P.L.C. v. CalFed Inc.*, 940 F. Supp. 554, 557 (S.D.N.Y. 1996)); *accord Banco de Seguros del Estado v. Mut. Marine Offices, Inc.*, 230 F. Supp. 2d 427, 428 (S.D.N.Y. 2002), *aff'd*, 344 F.3d 255 (2d Cir. 2003); *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999); *Farkas v. Ellis*, 783 F. Supp. 830, 832–33 (S.D.N.Y. 1992), *aff'd*, 979 F.2d 845 (2d Cir. 1992). "Alternatively, the movant must demonstrate the need to correct a clear error or prevent manifest injustice." *Griffin Indus.*, 72 F. Supp. 2d at 368 (internal quotation marks and citations omitted); *accord Banco de Seguros del Estado*, 230 F. Supp. 2d at 428.

"The rule permitting reargument is strictly construed to avoid repetitive arguments on issues that the court has already fully considered." *Best Payphones, Inc.*, 2008 WL 2705472, at *3; *accord Griffin Indus.*, 72 F. Supp. 2d at 368; *Monaghan v. SZS 33 Assocs., L.P.*, 153 F.R.D. 60, 65 (S.D.N.Y. 1994); *Farkas*, 783 F. Supp. at 832. In addition, parties cannot advance new facts or arguments because a motion for reargument is not a mechanism for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Best Payphones, Inc.*, 2008 WL 2705472, at *3 (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (discussing Rule 59)); *accord Griffin Indus.*, 72 F. Supp. 2d at 368 (discussing motions for reargument).

Much of Margulies' motion for reconsideration simply repeats, in one form or another, arguments he made in his original motion that Judge Gonzalez considered and rejected. Specifically, he unsuccessfully contended that the *Complaint* failed to allege any facts suggesting he acted with the certainty to harm Hough or with the subjective motive to harm him. Margulies

6

has not identified any controlling law that Judge Gonzalez overlooked, and the motion for reconsideration is not the appropriate vehicle to recycle these contentions. Furthermore, Judge Gonzalez did not *sua sponte* conclude that he could impute malice; Hough raised the very argument in his opposition.

In addition, there was no clear error. The *Complaint* joins Margulies and his indemnitor, USAA, in a single action based on the same conduct; it alleges that Margulies ran into Hough with his car. Margulies either acted intentionally or he did not—Margulies has not suggested any other possibility—and the Court has already concluded that that the intentional nature of the conduct under state law and the willful and malicious nature of the conduct under bankruptcy law pose the same question. (*See USAA Decision* at 11 ("In short, in light of the circumstances of this case, the definition of 'willful and malicious' injuries under bankruptcy law and 'intentional' injuries under state insurance law appear to be identical, and USAA has not pointed to the language of the Policies or anything else that suggests the contrary.") (footnote omitted). If Margulies acted intentionally, the Judgment will be non-dischargeable but if he did not, USAA will have to pay the Judgment on his behalf to Hough, up to the limits of the policies, to the same extent that it was obligated to indemnify Margulies. The allegations of the *Complaint* plainly imply these alternatives, and one of the alternatives must reflect the true state of facts.

In any event, dismissal of the *Complaint* is foreclosed by the *USAA Decision*. Under FED. R. CIV. P. 8(d)(2)[6], a party may include two or more alternative claims in a single count, and "[i]f a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." *Accord Deston Therapeutics LLC v. Trigen Labs Inc.*, 723 F. Supp. 2d 665, 673 (D. Del. 2010) (denying a motion to dismiss a claim for false advertising where an alternative and

---

[6] In 2007, Rule 8(e)(2) was renumbered as 8 (d)(2).

7

inconsistent claim for patent infringement was adequately pleaded); *New Yuen Fat Garments Factory Ltd. v. August Silk, Inc.*, No. 07 Civ. 8304 (JFK), 2009 WL 1515696, at *6 (S.D.N.Y. June 1, 2009) (concluding that the proposed claim was not futile because an alternative statement of the claim was sufficient to withstand a motion to dismiss, rendering the entire claim sufficient); *Taylerson v. American Airlines, Inc.*, 183 F. Supp. 882, 884 (S.D.N.Y. 1960) ("A complaint which contains alternative statements of the claim, some of which are insufficient, will not be dismissed if any one alternative statement supports the claim.") (footnote omitted); *see Technical Tape Corp. v. Minnesota Mining & Mfg. Co.*, 200 F.2d 876, 877 (2d Cir. 1953) ("Even assuming that one of the disjunctive allegations of jurisdiction was insufficient while the other was not, Rule 8(e) 2 of the Federal Rules, 28 U.S.C.A., contemplates such alternative allegations, and provides that no dismissal is to be granted if one of them is sufficient.") (footnote omitted); *but see Allied Vision Group, Inc. v. RLI Prof'l Techs., Inc.*, 916 F. Supp. 778, 782 (N.D. Ill. 1996) (explaining that Rule 8(e)(2) does not permit inconsistent pleading within the same count).

Here, the Court has concluded that the claim against USAA is legally sufficient, (*see USAA Decision* at 16-17), and the pleading will, therefore, survive dismissal. It is true that Hough has alleged only one claim against each defendant, and if the claim against Margulies is legally insufficient, there is no alternative, sufficient claim alleged against Margulies to rescue it. Nevertheless, Rule 8(d)(2) does not expressly require that an alternative pleading include at least one legally sufficient claim against each defendant; it permits alternative claims in the same count and explains that the "pleading" is sufficient if any one of the alternatives states a claim. Moreover, Rule 8(d)(2) is not confined to pleading alternative claims against a particular defendant. In this case, Hough is entitled to prevail under his *Complaint* against Margulies or USAA, but not both, based on the same occurrence. He has a single cause of action against each

8

defendant based on alternative theories, and is entitled to the opportunity to prove his case with both defendants present in the same action.

For all of the foregoing reasons, the motion for reconsideration is denied. The parties are directed to contact chambers to schedule a pre-trial conference. So ordered.

Dated: New York, New York
       August 31, 2012

                                       /s/ *Stuart M. Bernstein*
                                        STUART M. BERNSTEIN
                                  United States Bankruptcy Judge